Thomas H. Nelson, OSB 783150
20820 East Glacier View Road
Zigzag, OR  97049
Phone: (503)709-6397
Email: thnelson@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **SHUKRI HUSSEIN HILOW**,<br><br>    Plaintiff,<br><br>v.<br><br>**DEPARTMENT OF HOMELAND SECURITY** and its Secretary, **KRISTI NOEM; TRANSPORTATION SECURITY ADMINISTRTION** and its Acting Director, **HA NGUYEN MCNEILL; TERRORIST SCREENING CENTER** and its Director, **MICHAEL GLASHEEN;** and **FEDERAL BUREAU OF INVESTIGATION** and its Director, **CHRISTOPHER WRAY**,<br><br>    Defendants. | Civil No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF – NO FLY LIST**<br><br>Civil Rights – Fifth Amendment to U.S. Constitution & 5 U.S.C § 706 (28 U.S.C. § 1331) |

## I.  PARTIES

1.     Plaintiff **Shukri Hussein Hilow**, an American citizen, seeks (i) a declaratory judgment that Defendants have illegally and unconstitutionally violated his right to travel by maintaining his name on the No Fly List without cause, and (ii) a mandatory injunction that his name be removed from the No Fly List.

2.      Defendants **Department of Homeland Security ("DHS")** and its Secretary, **Kristi Noem**, are responsible for overall security of air transportation inside the United States. The Secretary is sued only in her official capacity.

3.      Defendants **Transportation Security Administration ("TSA")** and its Acting Director, **Ha Nguyen McNeill**, administer the Secure Flight Program, which screens airline passenger lists and identifies persons on the No-Fly List. The Acting Director is sued only in his official capacity.

4.      Defendants **Terrorist Screening Center ("TSC")** and its Director, **Michael Glasheen**, are responsible for maintaining a consolidated terrorism watchlist. The Director is sued only in his official capacity.

5.      Defendant **Federal Bureau of Investigation ("FBI")** and its Director, **Kash Patel**, are responsible for identifying individuals who may pose a threat to aviation security. The Director is sued only in his official capacity.

## II. JURISDICTION AND VENUE

6.      Jurisdiction is based on 28 U.S.C. § 1331, federal question.

7.      Venue is proper in the Portland division because it is the division in which the undersigned resides.

## III. FACTS

8.      As a United States citizen, Plaintiff has the constitutional right to international travel under the Fifth Amendment to the United States Constitution.

9.      Plaintiff was first denied boarding an international flight eight years ago, in 2017, when he attempted to fly to Saudi Arabia to perform a religious pilgrimage. Since that time he has repeatedly been denied boarding for international travel because he is

on the No Fly List. In March 2022, Plaintiff was referred to the undersigned attorney by an existing client, Yonas Fikre, whom the undersigned had been, was, and is representing on issues related to the No Fly List and other matters. The undersigned has been representing Plaintiff on a pro bono basis on this matter since that time.

10. As indicated below, Plaintiff has contested his inclusion on the No Fly List several times since his first denial but has never received any information regarding the specific facts to justify such inclusion. More specifically, the only information Defendant DHS provided Plaintiff regarding his inclusion on the No Fly List was in a letter dated June 5, 2024, attached as Exhibit 1. That letter states that Plaintiff is "on the U.S. Government's No Fly List because you have been identified as an individual who 'may be a threat to civil aviation or national security.' 49 U.S.C. § 114(h) (3)(A)." No factual support for this conclusory statement was or has been provided.

11. Plaintiff's file contained in Defendant DHS' website contains a chart regarding DHS activities on requests submitted by Plaintiff, which chart is reprinted as Exhibit 2. According to those DHS online records, that agency has opened four separate cases involving Plaintiff's requests for redress; those cases are Case No. 00113305 (opened July 20, 2017), Case No. 00606438 (opened March 26, 2025), Case No. 00560630 (opened May 9, 2024), and Case No. 00564809 (opened June 9, 2024). The first three cases are listed as "closed," but the fourth case, which was opened four days after Case No. 00560630 was listed as "closed," is and has been listed as "In Progress" for over ten months.

12. As noted above, the only indication in the DHS' June 5, 2024, letter addressing why Plaintiff is on the No Fly List is a quote copied from a statute, 49 U.S.C.

§ 114(b)(3)(A), which is written in the subjunctive and is extremely broad: "you have been identified as an individual who 'may be a threat to civil aviation or national security.'" Logically, a threat to civil aviation is only one of among countless threats to national security; indeed, "potential threats to national security" encompasses *virtually all* possible grounds for being on the No Fly This statement thus provides absolutely no notice whatsoever to Plaintiff of what circumstances or events might have caused his name to be placed on the No Fly List or, more important, how he might provide relevant information that could lead to the removal of his name from the List.

13.     The extreme delay – almost a year – in DHS's response to the pending challenge that was filed on June 9, 2024, also justifies judicial intervention. The three prior cases listed in Plaintiff's DHS file were all resolved in less than two months: Case No. 00113305 took approximately 50 days, Case No. 00606438 took only nine days, and Case No. 00560630 took 26 days.

## COUNT ONE
**Violation of the Right to International Travel
Under the Fifth Amendment to the United States Constitution**
(Against All Defendants)

14.     Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 13 as if fully set forth herein.

15.     Plaintiff is a naturalized citizen of the United States and enjoys the same constitutional rights as native-born citizens, including the fundamental right to travel internationally as guaranteed under the Fifth Amendment's Due Process Clause.

16.     By maintaining Plaintiff's name on the No Fly List without any meaningful notice, explanation, or hearing, Defendants have impermissibly burdened and effectively denied Plaintiff's constitutional right to international travel.

17. Defendants' conduct constitutes an arbitrary and unlawful deprivation of a fundamental right without due process of law.

18. Plaintiff is entitled to declaratory and injunctive relief requiring Defendants to remove his name from the No Fly List or, at minimum, to provide constitutionally sufficient notice and justification for his continued inclusion on the list that would reasonably allow him to challenge the basis for such listing.

## COUNT TWO
### Violation of Procedural Due Process under the Fifth Amendment
(Against All Defendants)

19. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20. The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of life, liberty, or property without due process of law.

21. Inclusion on the No Fly List severely burdens Plaintiff's liberty interest by restricting his ability to travel by air, harming his reputation, and subjecting him to stigma and scrutiny.

22. Despite repeated efforts to obtain redress through the DHS Traveler Redress Inquiry Program ("TRIP"), Plaintiff has never been provided with specific, substantive reasons for his inclusion on the No Fly List or afforded a meaningful opportunity to challenge that inclusion.

23. Defendants' vague assertion – citing only statutory language that Plaintiff "may be a threat to civil aviation or national security" – fails to provide Plaintiff with adequate notice or any meaningful opportunity to rebut the grounds for his inclusion, thereby violating his right to procedural due process.

24.    The ongoing delay in responding to Plaintiff's June 9, 2024 request for redress – now pending for over ten months -- further exacerbates the denial of due process and justifies immediate judicial intervention.

25.    Plaintiff is entitled to declaratory and injunctive relief requiring Defendants to provide sufficient explanation of the reasons for his inclusion on the No Fly List and a constitutionally adequate opportunity to challenge such inclusion.

## COUNT THREE
### Violation of the Administrative Procedure Act, 5 U.S.C. 706
(Against All Defendants)

26.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27.    Section 706 of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, provides in relevant part:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
> (1) compel agency action unlawfully withheld or unreasonably delayed; and
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be—
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity . . .

28.    Defendants have unreasonably delayed Plaintiff's challenge to the decision in Case No 00560630 attached as Exhibit 1, which decision is arbitrary, capricious, an abuse of discretion, and contrary to constitutional right.

29. Plaintiff is entitled to declaratory and injunctive relief requiring Defendants to provide sufficient explanation of the reasons for his inclusion on the No Fly List and a constitutionally adequate opportunity to challenge such inclusion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendants' continued inclusion of Plaintiff's name on the No Fly List without constitutionally adequate notice or opportunity to contest violates Plaintiff's rights under the Fifth Amendment to the United States Constitution;

B. Declare that the failure of Defendants to provide timely and specific information regarding Plaintiff's No Fly List status violates Plaintiff's procedural due process rights under the Fifth Amendment and the APA, 5 U.S.C. § 706;

C. Issue an injunction compelling Defendants immediately to remove Plaintiff's name from the No Fly List, or, in the alternative, to provide a detailed explanation of the specific facts underlying his inclusion and a meaningful opportunity to contest such facts;

D. Award reasonable attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, or other applicable law;

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 11th day of May, 2025.


                                                      /s/ *Thomas H. Nelson*
                                      Thomas H. Nelson, OSB 783150
                                      20820 E. Glacier View Road
                                      Zigzag, OR  97049

Attachments:
       Exhibit 1 – Letter from Defendant DHS to Plaintiff
       Exhibit 2 – Reprint of chart from DHS files regarding Plaintiff